Julie R. Trotter, Bar No. 209675
 jtrotter@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendants Chevron U.S.A., Inc. (erroneously sued as Chevron North America Exploration and Production Company, a division of Chevron U.S.A. Inc. and subsidiary of Chevron Corporation), Nam Van, Joseph McClellan, and Shea Meeks

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. CRANE,<br><br>            Plaintiff,<br><br>     vs.<br><br>CHEVRON NORTH AMERICA EXPLORATION AND PRODUCTION COMPANY, A DIVISION OF CHEVRON U.S.A., INC., a Pennsylvania Corporation, AND SUBSIDIARY OF CHEVRON CORPORATION, a Delaware Corporation, NAM VAN, JOSEPH McCLELLAN, SHEA MEEKS, AND DOES 1-50,<br><br>            Defendants. | Case No.  1:19-at-430<br><br>**DEFENDANTS CHEVRON U.S.A, INC., NAM VAN, JOSEPH MCCLELLAN, AND SHEA MEEKS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>Complaint Filed:   March 11, 2019<br>FAC Filed:            May 6, 2019<br>Trial Date:            None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendants Chevron U.S.A., Inc. (erroneously sued as Chevron North America Exploration and Production Company, a division of Chevron U.S.A. Inc. and subsidiary of Chevron Corporation) ("Chevron"), Nam Van ("Van"), Joseph McClellan ("McClellan"), and Shea Meeks ("Meeks") (collectively, "Defendants") remove the state court action described below to the United States District Court for the Eastern District of California. This Notice of Removal is supported by the Declaration of Julie R. Trotter filed concurrently herewith. The basis for removal is that this civil action presents a federal question that provides the district court with original jurisdiction. In accordance with 28 U.S.C. § 1446(a), Defendants submit the following short, plain statement of the grounds for removal.

## I.   PLEADINGS, PROCESS, AND ORDERS

1. On March 11, 2019, Plaintiff Brian Crane ("Plaintiff") filed a complaint in Kern County Superior Court naming Chevron, Van, McClellan, and Meeks as Defendants and alleging various claims relating to his employment with Chevron. The Complaint, entitled *Brian Crane v. Chevron North America Exploration and Production Company, et al.*, is designated as Kern County Superior Court Case No. BCV-19-100640. A true and correct copy of Plaintiff's initial Complaint is attached to the Declaration of Julie R. Trotter ("Trotter Decl.") as **Exhibit 1**. Trotter Decl., ¶ 2.

2. On May 6, 2019, Plaintiff filed a First Amended Complaint ("FAC"). Trotter Decl., ¶ 3.

3. On May 8, 2019, Plaintiff personally served on Chevron, through its agent for service of process: the Summons and FAC; a Civil Case Cover Sheet; an ADR Stipulation and Order Form; and Notice of Assignment to Judge for All Purposes and

Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case Management Conference. True and correct copies of the foregoing documents are attached to the Trotter Decl. as **Exhibits 2 through 5**, respectively. Trotter Decl., ¶ 4.

4. On May 8, 2019, Plaintiff personally served Meeks with: the Summons and FAC; a Civil Case Cover Sheet; an ADR Stipulation and Order Form; and Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case Management Conference. Trotter Decl., ¶ 4.

5. On May 21, 2019, Plaintiff personally served McClellan with: the Summons and FAC; a Civil Case Cover Sheet; an ADR Stipulation and Order Form; and Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case Management Conference. Trotter Decl., ¶ 4.

6. As of the date of this Notice of Removal, Plaintiff has not properly served Van with the Summons and Complaint or FAC. Trotter Decl., ¶ 5.

7. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint or FAC in this action. Trotter Decl., ¶ 6.

8. The documents attached to the Trotter Decl. as **Exhibits 1 through 5** constitute all of the pleadings and process that have been filed or received by Defendants in this action. These attachments satisfy the requirements of 28 U.S.C. section 1446(a). Trotter Decl., ¶ 7.

## II.   VENUE

9. This action was pending in the Kern County Superior Court, which is in the territory of the United States District Court for the Eastern District of California. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1391(b), and 1446(a).

## III. TIMELINESS OF REMOVAL

10. This Notice of Removal is timely filed as it is filed within thirty (30) days of May 8, 2019, the earliest date of service of the Summons and FAC on Defendants. 28 U.S.C. § 1446(b).

## IV. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION BECAUSE IT RAISES A FEDERAL QUESTION

11. This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1441. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Under the jurisdiction granted to federal district courts under 28 U.S.C. § 1331, otherwise known as federal question jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (internal quotation marks, brackets, and ellipsis omitted).

13. Here, the FAC presents a claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"). *See* FAC, ¶¶ 45, 71-72. Plaintiff's FAC alleges that "[o]n December 16, 2017, [he] requested PFL and FMLA in order to support his wife who was diagnosed with cancer and was being scheduled for an urgent mastectomy followed by months of radiation treatment at UCLA." FAC, ¶ 45. In addition, Plaintiff's FAC indicates: "[he] was *denied FMLA* by his supervisor," "Defendants *denied [him] family medical leave* to take care of his wife who was

suffering from a serious medical condition," and "Chevron's *denial of [his] FMLA* was disparate treatment on prohibited grounds." FAC, ¶¶ 45, 71-72. Consequently, Plaintiff's FMLA claim raises a federal question of whether Defendants violated the FMLA and is removable to this Court pursuant to 28 U.S.C. § 1331; *Emich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190, 1196 (acknowledging "[n]umerous federal statutes . . . provide that claims arising thereunder may be maintained in any state or federal court of competent jurisdiction, and contain no limitation on removal, express or otherwise, to bar removal under section 1441(a)," including the FMLA.).

14.     Federal question jurisdiction is proper under 28 U.S.C. § 1331 even where a plaintiff also asserts a claim under the California Family Rights Act, Cal. Gov't. Code §§12945.2(a) ("CFRA"), the FMLA's state law counterpart. *See Xin Liu v. Amway Corp.* (2003) 347 F.3d 1125; *see also Mora v. Chem-Tronics, Inc.* (1998) 16 F. Supp. 2d 1192.

## V.     THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE REMAINING CAUSES OF ACTION

15.     Plaintiff's FAC also asserts claims based on California law for discrimination, retaliation, and wrongful termination, as well as claims for violations of Plaintiff's right to privacy.

16.     Absent limited exceptions not applicable here, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

17.     "A state law claim is part of the same case or controversy when it shares a common nucleus of operative facts with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert* (9th Cir. 2004) 356 F.3d 969, 978 (internal quotation marks omitted). "The Supreme Court has emphasized



that '§1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction' and cautioned against fashioning limitations on that grant without support in the statutory text." *United States v. Park Place Assoc., Ltd.* (9th Cir. 2009) 563 F.3d 907, 933 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005)).

18.   The Court has supplemental jurisdiction over the remaining causes of action under § 1367(a) because all of Plaintiff's claims are premised on the same factual background, which includes allegations concerning Defendants' alleged FMLA interference and retaliation for exercising his rights under the FMLA. *See* FAC at ¶¶ 45, 71-72. Indeed, all of Plaintiff's claims alleged in the FAC arise out of the purported termination of Plaintiff's employment with Chevron, and thus out of the same nucleus of operative facts. *See United Mine Workers of America v. Gibbs* (1966) 383 U.S. 715, 725; *see also Tam v. Qualcomm, Inc.* (2018) 300 F. Supp. 3d 1130, 1139 (exercising supplemental jurisdiction over the plaintiff's state law claims revolving around the termination of his employment when his "FMLA claim is the only basis for subject matter jurisdiction."). Therefore, Plaintiff's state law claims arise out of the same case or controversy as his FMLA claims, giving this Court supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a).

### VI.   NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

19.   Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of this pleading to Plaintiff and Plaintiff's counsel. Defendants will also file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Kern.

### VII.   CONCLUSION AND REQUESTED RELIEF

20.   Wherefore, Defendants pray that the Court remove this civil action from the Superior Court of the State of California for the County of Kern to the United States



1  District Court for the Eastern District of California and proceed with this matter as if it
2  had been originally filed herein.

4  Dated: June 7, 2019              CALL & JENSEN
                                    A Professional Corporation
5                                   Julie R. Trotter

8                                   By: */s/ Julie R. Trotter*
                                         Julie R. Trotter

                                    Attorneys for Defendants Chevron U.S.A. Inc.,
                                    Nam Van, Joseph McClellan, and Shea Meeks